IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMON RE,

        Plaintiff,

vs.                                          CIV 11-0174 MCA/KBM

UNITED STATES OF AMERICA,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION TO IMPOSE THE SANCTION OF DISMISSAL

**THIS MATTER** came before the Court on Defendant's Motion to Compel and/or for Sanctions *(Doc. 10)*. Following a Rule 16 scheduling conference at which Plaintiff failed to attend, the Court entered an Order *(Doc. 14)* which included the following cautionary language:

> If Plaintiff had appeared telephonically at the Scheduling Conference as required by my Scheduling Order *(Doc. 11)*, I would have shared certain information that I go over with any pro se litigant. I strongly advise Plaintiff to consider representation by counsel, and make sure that the Plaintiff understands that as the judge, I am unable to provide him with legal advice. Plaintiff, as a pro se litigant, is notified that he must familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of this District. His pro se status does not insulate him from compliance with these rules and the orders of this Court. Plaintiff is cautioned that his failure in the future to comply with those obligations will likely lead to the imposition of sanctions, the ultimate sanction being dismissal of his Complaint.

*Id.* at 1-2. I further gave the parties additional time to comply with their initial disclosures obligations "[j]ust in case Plaintiff did not understand in my order his obligation to make initial disclosures within 14 days of the Rule 26(f) "Meet and Confer" conference as required by FED.R. CIV. P. 26(a)(1)(A). *Id.* I directed the parties to "exchange their initial disclosures no later than November 1, 2011." *Id.* At 2. I further ordered Plaintiff to "execute the HIPAA-compliant

local form for authorizations to disclose his medical records and provide it to Defendant no later than November 11, 2011" because the Complaint seeks damages for a physical injury. *Id.*

I directed Plaintiff to the website address for that form as well as the Clerk's Guide for Pro Se Litigants and advised that both were also available at the Clerk's Office at any New Mexico federal courthouse location. And, finally, I adopted the Defendant's Joint Status Report and Provisional Discovery Plan, as modified by the dates designated in the Court's Scheduling Order filed October 20, 2011 *(Doc. 15)*.

Defendant's motion to compel indicates that the pro se Plaintiff has provided only the results of an MRI to his injured arm, and that he has said that he will not further comply with either the Orders of the Court or the Civil Rules of Procedure. Mr. Re sent a series of e-mails to opposing counsel in November 2011, one of which stated:

> As I said in my email to you a day after Nov. 1, 2011, this [MRI] is the only information that I will be releasing medically. I will not be participating in the discovery process. . . . If we cannot settle this immediately, I will request that the chief judge ORDER charges of criminal contempt against you and anyone else obstructing my rights to due process.

*Doc. 19-2*, Exh. B to motion. He repeated his intention to disregard the rules and orders governing discovery in a later November 16, 2011 e-mail:

> As I said in my previous email, the MRI is all that I am providing. . . . A cease and desist is in "ORDER" upon Defendant UNITED STATES, for any further attempts to continue 'Discovery Process" participation in **CV-11-0174.** The UNITED STATES does not have the lawful right to continue the Discovery Process.

*Doc. 19-4*, Exh. D to motion. In response, Defendant advised Plaintiff of its intention to file this motion to compel and for sanctions, to which it received no reply.

Plaintiff maintains that he suffered a physical injury due to negligence of a federal postal

employee.  *See Complaint* at ¶10 ("As a result of the acts of Defendant's employee, Plaintiff sustained injury and damages, including a rotator cuff tear of the right shoulder, as well as enhanced post polio syndrome.").  Clearly, in order to defend against the allegations, the United States is entitled to discovery as to the cause and extent of that injury.

Indeed, Plaintiff is cognizant of his federal discovery obligations because he has made a similar claim for personal injury damages in an earlier case brought in this district.  *See Re v. Terry Wayne Hustead, et al.*, CIV 08-0447 LH/WDS.  There Plaintiff also asserted personal injuries including aggravation to his shoulder that had previously been treated with a "Shoulder Fusion" as well as aggravation of his post-polio syndrome.  In that case, Mr. Re alleged that the aggravation of these conditions arose from a motor vehicle accident .

Plaintiff refused to meet his discovery obligations in that case as well.  In the *Hustead* case, when Mr. Re refused to make his initial disclosures, Magistrate Judge W. Daniel Schneider gave him once last opportunity to do so.  *See* Doc. 51.  Again, Plaintiff failed to make the disclosures required by the Federal Rules of Civil Procedure, our Local Rules of Civil Procedure and the orders of the court.  *See* Doc. 104.  Judge Schneider issued proposed findings and recommended disposition to Presiding Judge Hansen in the *Hustead* case in which Judge Schneider concluded:

> Rule 37 of the Federal Rules of Civil Procedure provides that a party may be sanctioned for failure to make Rule 26 disclosures or for failure to otherwise participate in discovery. Defendants' first two discovery motions were in compliance with Rule 37.  Despite two orders from the Court, Plaintiff has not provided initial disclosures in compliance with Rule 26. Rule 37(b)(2)(A)(v) and Rule 37(c) provide that an appropriate sanction is dismissal of the action in whole or in part if a party ignores discovery orders or fails to make Rule 26 disclosures.  In view of the Plaintiff's willful failure to participate in discovery or comply with discovery orders, the Court recommends that this matter be dismissed, in its entirety, with prejudice.

*Id.* at 2. Judge Hansen found Mr. Re's objections to that report and recommendation without merit and dismissed the *Hustead* action with prejudice.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit directed lower courts to consider a number of factors prior to choosing dismissal as the appropriate sanction. They include:  (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and, (5) the efficacy of lesser sanctions.

As Judge Hansen noted, a plaintiff's "failure to make his mandatory Rule 26 disclosures significantly prejudice Defendants, in that they are left to guess as to the existence of any evidence that may support Plaintiff's contentions." Doc. 107 at 2.  Plaintiff's defiant failures to comply with the rules of procedure and orders of this Court cannot constitute anything but ultimate interference with the judicial process.  As to his culpability, Mr. Re's failure are willful and his attempts to allege misconduct by attorneys and the court are unjustified.  As seen above, the Court has cautioned Mr. Re on several occasions that sanctions including dismissal could be imposed if he ignored his discovery obligations.

Finally, this Court is convinced that no lesser sanction than dismissal would be effective. Given its application in the *Hustead* case, even the most severe sanction of dismissal has not deterred his conduct in the present case.  Evidently, Mr. Re refuses to learn from his past experience or the recent orders of this Court.  All of the *Ehrenhaus* factors support dismissal of this action with prejudice.

Wherefore,

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice..

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE